United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 15-17243-elf
Miguel A. Velez                                                           Chapter 13
Jessica Garcia
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-2           User: admin              Page 1 of 2             Date Rcvd: Jan 17, 2020
                               Form ID: 3180W           Total Noticed: 13

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 19, 2020.
db/jdb         +Miguel A. Velez,    Jessica Garcia,    178 Moser Road,    Pottstown, PA 19464-5079
13695681       #+Law Office of Stephen Ross, P.C.,    152 E. High Street, Suite 100,    Pottstown, PA 19464-5480

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: megan.harper@phila.gov Jan 18 2020 03:49:30      City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,   1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jan 18 2020 03:48:27
                 Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jan 18 2020 03:49:20      U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,   615 Chestnut Street,    Philadelphia, PA 19106-4404
13647435        EDI: AIS.COM Jan 18 2020 08:23:00      American InfoSource LP as agent for,   Verizon,
                 PO Box 248838,    Oklahoma City, OK  73124-8838
13668435       +E-mail/Text: ELDABBASM@FREEDOMCU.ORG Jan 18 2020 03:48:08      Freedom Credit Union,
                 626 Jacksonville Road/Suite 250,    Warminster, PA 18974-4862
13622556       +E-mail/Text: camanagement@mtb.com Jan 18 2020 03:48:14      Lakeview Loan Servicing, LLC,
                 C/O M&T BANK,    PO BOX 1288,   Buffalo, NY 14240-1288
13610628       +E-mail/Text: bankruptcy@matcotools.com Jan 18 2020 03:50:19      Matco Tools,   Attn: Carrie,
                 4403 Allen Rd,    Stow, OH 44224-1096
13621069        EDI: PRA.COM Jan 18 2020 08:23:00      Portfolio Recovery Associates, LLC,    POB 41067,
                 Norfolk VA 23541
13610634       +E-mail/Text: colleen.atkinson@rmscollect.com Jan 18 2020 03:50:16      Receivable Management,
                 7206 Hull Street Rd Ste,    North Chesterfield, VA 23235-5826
14240612       +E-mail/Text: bncmail@w-legal.com Jan 18 2020 03:49:10      SYNCHRONY BANK,
                 c/o Weinstein & Riley, P.S.,    2001 Western Ave, Ste 400,    Seattle, WA 98121-3132
13618881       +EDI: STF1.COM Jan 18 2020 08:23:00      SunTrust Bank,    Attn: Support Services,   PO Box 85092,
                 Richmond, VA 23285-5092
                                                                                               TOTAL: 11

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
13923298*     ++PORTFOLIO RECOVERY ASSOCIATES LLC,    PO BOX 41067,    NORFOLK VA 23541-1067
               (address filed with court:   Portfolio Recovery Associates, LLC,    PO Box 41067,
                 Norfolk, VA 23541)
13630376      ##+Porania LLC,    P. O. Box 11405,   Memphis, TN 38111-0405
                                                                                             TOTALS: 0, * 1, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 19, 2020                            Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
District/off: 0313-2          User: admin              Page 2 of 2                 Date Rcvd: Jan 17, 2020
                              Form ID: 3180W           Total Noticed: 13
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 16, 2020 at the address(es) listed below:

        DENISE ELIZABETH CARLON    on behalf of Creditor    Lakeview Loan Servicing, LLC
         bkgroup@kmllawgroup.com
        JOSEPH L QUINN    on behalf of Debtor Miguel A. Velez CourtNotices@rqplaw.com
        JOSEPH L QUINN    on behalf of Joint Debtor Jessica  Garcia CourtNotices@rqplaw.com
        JOSHUA ISAAC GOLDMAN    on behalf of Creditor    Lakeview Loan Servicing, LLC
         bkgroup@kmllawgroup.com, bkgroup@kmllawgroup.com
        REBECCA ANN SOLARZ    on behalf of Creditor    Lakeview Loan Servicing, LLC bkgroup@kmllawgroup.com
        THOMAS I. PULEO    on behalf of Creditor    Lakeview Loan Servicing, LLC tpuleo@kmllawgroup.com,
         bkgroup@kmllawgroup.com
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
        WILLIAM C. MILLER    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
         philaecf@gmail.com
        WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com

                                                                                                                       TOTAL: 9

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Miguel A. Velez** | Social Security number or ITIN **xxx–xx–5373** |
| | First Name   Middle Name   Last Name | EIN _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Jessica Garcia** | Social Security number or ITIN **xxx–xx–0776** |
| | First Name   Middle Name   Last Name | EIN _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **15–17243–elf** | |

## Order of Discharge                                                                                      12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Miguel A. Velez                                               Jessica Garcia
aka Miguel Angel Velez–Rivera                                 aka Jessica Velez

<u>1/16/20</u>                                                **By the court:**   <u>Eric L. Frank</u>
                                                                                  United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**